UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff

-vs-

$20,870.00 UNITED STATES CURRENCY,

                     Defendant

_____

                          DECISION AND ORDER

                          09-CV-6564 CJS

## INTRODUCTION

This is an action seeking forfeiture of United States currency pursuant to 21 U.S.C. § 881(a)(6). Now before the Court is Plaintiff's application [#6] to strike a claim filed on February 26, 2010 and for default judgment. For the reasons that follow the application is denied.

## BACKGROUND

Prior to May 2009, law enforcement officials were investigating suspected illegal narcotics activity by Freddy Montero-Lima ("Montero-Lima") and Elio Tillan ("Tillan"). Tillan had two prior drug felony convictions. On May 22, 2009, police executed a search warrant at Tillan's apartment at 239 Andrews Street, Apartment 9, Rochester, New York, and seized $20,870.00 in cash. In the bedroom of that apartment, police also found mail addressed to Tillan. The following day, police stopped a vehicle being driven by Montero-Lima, in which Tillan was a passenger, and executed a search warrant. Police discovered three kilos of cocaine in the car. Subsequently,

1

[Plaintiff commenced this action] on November 10, 2009, by filing a Verified Complaint for Forfeiture with the United States District Court, Western District of New York.  An Arrest Warrant in Rem was issued by the Clerk of the Court on November 10, 2009.  That warrant was executed by the United States Marshal['s Service] on November 18, 2009[.]

\*\*\*

A copy of the Arrest Warrant in Rem and the Verified Complaint was served upon persons believed to have a claim to, or interest in the defendant currency, and/or their attorney. On November 10, 2009, a copy of the Arrest Warrant in Rem and the Verified Complaint was sent via certified mail, return receipt requested, to David Morabito, Esq. [("Morabito")], as attorney for Elio Tillan, 117 West Commercial Street, New York 14445.

As required by Rule G(4)(a)(iv)(c)of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice of this action was posted on an official government internet site (www.forfeiture.gov) for thirty days beginning on November 11, 2009. Such publication was completed on December 12, 2009.

On or about January 18, 2010, due to a delay in the postal service in delivering the notice to Mr. Morabito, the parties agreed that the due date for Tillan's claim would be thirty days (30) from receipt of this notice, which was February 8, 2010.

On or about February 2, 2010, Mr. Morabito was present at the United States Attorney's Office and requested an additional two week extension to file a verified claim. [Plaintiff] and Mr. Morabito entered into a stipulation, extending the claim deadline to February 26, 2010. This stipulation was approved by the court on February 10, 2010.

On February 26, 2010, Mr. Morabito filed a claim "upon information and belief," which claim [was] not signed by Tillan.

Carducci Affirmation [#6] ¶ ¶ 2-8.

The Claim that Morabito filed indicated that Tillan was the owner of the $20,870.

seized from his apartment, and that such money was not related to narcotics trafficking.

In that regard, Morabito stated, upon information and belief, that the money "was the result

of legitimate employment as a construction worker." Claim [#5] at ¶ 17.  Along with the

claim, Morabito submitted a letter to the Court, dated February 25, 2010, stating, in

pertinent part:

> I originally represented defendant Elio Tillan on a case in the County Court of Monroe County.  . . .  At the time of my representation, it was my understanding that the defendant  wanted me to pursue his rights in this forfeiture action.  I have sent letters dated December 21, 2009, January 22, 2010, February 4, 2010, and February 18, 2010.  Said letters were sent to Elmira Correctional Facility.  Whether he has received the correspondence is unknown.
>
> Accordingly, in order to preliminarily preserve his rights on any potential forfeiture action, I am enclosing the hereinstated Verified Claim.  It should be noted that I have filed this claim 'upon information and belief.'  The limited information I have relative to this forfeiture involves conversations that I had with the defendant while I was representing him for the state charges.
>
> I will forward a copy of this claim to Mr. Elio Tillan and hopefully I will receive some information as to what he wishes to do.  Thank you.

Docket No. [#7] at pp. 21-22.  Morabito did not subsequently file an answer to the complaint.

On April 15, 2010, Plaintiff filed the subject motion [#6] to strike Tillan's claim and for default judgment.  Plaintiff maintains that the claim was not "a proper verified claim," because it was filed by Morabito "on information and belief."  Plaintiff further indicates that even if the claim was sufficient, that Tillan failed to file an answer to the Complaint within twenty-one days, as required by Supplemental Rule G(5)(b).

On May 3, 2010, Morabito filed a  claim, signed by Tillan, which reiterated the averments in the original claim.  The claim was notarized on March 26, 2010.  Significantly, at that time Tillan was incarcerated at Five Points Correctional Facility ("Five Points") in

Romulus, New York.[1]  Also on May 3, 2010, Morabito filed an "Affidavit in Opposition For Motion to Strike." [#9]   Morabito's affidavit makes the following factual averments: 1) Tillan's claim has merit, because he can establish that the seized funds were earned through legal employment; 2) Morabito had extreme difficulty in communicating with Tillan, due to the fact that Tillan was incarcerated; 3) prior to February 2010, the New York State Department of Corrections and Community Supervision ("DOCCS") had advised Morabito that Tillan was being housed at Elmira Correctional Facility ("Elmira"); 4) Morabito sent correspondence to Tillan at Elmira concerning this action on December 21, 2009, January 22, 2010, February 4, 2010, and February 18, 2010; 5) upon receiving no response from Tillan, Morabito filed the unverified claim in order to preserve Tillan's rights; 6) subsequently, Morabito learned that Tillan was housed at Five Points, at  which time he had Tillan execute a verified claim; 7) DOCCS officials improperly notarized Tillan's signature on the claim form, which required Morabito to return the documents to Tillan at Five Points, to have his signature re-notarized; and 8) Morabito forwarded the properly-notarized claim to the Court on or about April 15, 2010.[2]  As a result of the foregoing, Tillan asks the Court to deny Plaintiff's motion to dismiss and for default judgment.

The Court observes that Tillan apparently signed his verified claim on March 19, 2010, and forwarded it to Morabito for filing on the same date, although, as discussed above, there was some additional delay subsequently because Tillan's signature had not

---

[1]According to the website maintained by the New York State Department of Corrections and Community Supervision, Tillan is presently serving a twelve-year sentence for convictions for Criminal Possession of a Controlled Substance in the First and Third Degrees.

[2]This document was filed by the Court on May 3, 2010.  Ordinarily, though not always, a document is filed by the Court on the date that it is received.

been properly notarized the first time. *See*, Verified Claim [#8].

On March 4, 2011, at the Court's request Morabito filed a supplemental affidavit [#10] to further explain the difficulty that he had in communicating with Tillan, who was in prison. Morabito reiterates that on December 21, 2009, January 22, 2010, February 4, 2010, February 18, 2010, and February 25, 2010, he mailed letters to Tillan at Elmira. Morabito indicates that he sent the letters to Elmira, because he had been advised by DOCCS and by records of the Monroe County Jail that Tillan was being housed there. Morabito states that according to DOCCS, Tillan was housed at Elmira from December 3, 2009 through January 29, 2010, and that Tillan was then moved to Downstate Reception ("Downstate") from January 29, 2010 until May 6, 2010. Morabito indicates that according to DOCCS, Tillan was not transferred to Five Points until May 6, 2010. However, Morabito states that such information seems incorrect, since he received mail from Tillan that was postmarked from Five Points in February and March 2010. In any event, Morabito states that it was not until March 1, 2010 that he received Tillan's response to his correspondence, confirming that Tillan wished to pursue a claim. In such correspondence to Morabito, Tillan stated that he was responding to Morabito's letters dated January 22, 2010 and February 4, 2010, which suggests that Tillan had not received Morabito's December 2009 letter. It is unclear when Tillan actually received Morabito's letters, though he indicated to Morabito that, "the process in here is very slow ..." Morabito Aff. [#10] at ¶ 17. For the foregoing reasons, Morabito maintains that "[a]ll delays in the process have not been the result of bad faith or neglect," and that the Court should deny Plaintiff's motion.

DISCUSSION

Plaintiff's motion has two aspects.  First, Plaintiff moves to strike Tillan's claim filed on February 26, 2010 by Morabito, because it was not a "proper verified claim," inasmuch as it was not signed by Tillan.  Second, Plaintiff seeks entry of default judgment pursuant to FRCP 55(b), since Tillan did not file an answer to the complaint.  Plaintiff's motion was filed on April 15, 2010, prior to Tillan subsequently filing a verified claim on May 3, 2010. Tillan counters that the Court should excuse the late filing of his verified claim, due to the difficulty that Morabito had communicating with him through the prison mail system.

Rule G of the Supplemental Rules of Civil Procedure deals with forfeiture actions *in rem*.  Rule G(5)(a) sets forth the procedures for filing a claim and an answer, and sets deadlines for both.  Significantly, the rule's deadline for filing a claim applies, "[u]nless the court for good cause sets a different time." Rule G(5)(a)(ii).  The rule further states that an answer must be filed "within 20 days after filing the claim." Rule G(5)(b). A "district court has discretion to permit an extension of time or allow late filing of a verified claim." *U.S. v. Thirty-Five Firearms*, 123 Fed. Appx. 204, 2005 WL 361578 at *2 (6th Cir. Feb. 15, 2005) (*citing U.S. v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435 (9th Cir. 1985)).

Here, the Court construes Morabito's letter dated February 25, 2010 and his subsequent submissions as a request for an enlargement of time to file both a claim and an answer to the complaint.  Moreover, the Court finds that there is good cause to accept the filing of Tillan's verified claim on May 3, 2010.  On the facts set forth above, the Court finds that Morabito was diligent in attempting to communicate with his incarcerated client and obtain a verified claim.  Specifically, Morabito sent five letters to Tillan in the span of approximately two months.  In addition, since Tillan clearly wanted to pursue a claim, and

6

had communicated that fact to Morabito prior to being sent to prison, it appears that his delay in responding to Morabito's letters was not due to any lack of interest, but instead, was due to delays in the delivery of mail to  him in prison, over which he had no control. Specifically, any such delay concerning the mail was apparently due to the fact that Plaintiff was being moved between different facilities.  While the facts on this point are not entirely clear, the Court will exercise its discretion and give Tillan the benefit of the doubt. Accordingly, it seems that Tillan attempted in good faith to file a timely claim.  Moreover, Plaintiff will not be prejudiced by allowing Tillan to file a late claim, since Plaintiff has known since at least January 2010 that it was likely that Tillan would file a claim, and it has known the nature of the claim since Morabito in fact filed such claim, although unverified, on Tillan's behalf.

## CONCLUSION

Plaintiff's motion [#6] is denied.  Tillan's claim is accepted as timely, *nunc pro tunc*. Tillan shall file and serve an answer, pursuant to Supplemental Rule G(5)(b), within twenty-one (21) days of the date of this Decision and Order.

SO ORDERED.

Dated:      Rochester, New York
            December 12, 2011

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge